An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRENT CARLINI,
Appellant,
vs.
RICHLAND HOLDINGS, INC., D/B/A
ACCTCORP OF SOUTHERN NEVADA,
A NEVADA CORPORATION,
Respondent.

No. 63020

**FILED**

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order holding appellant personally liable in a contract action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant entered into a contract with Mary Ann Najjar whereby Najjar loaned appellant $413,725 as an investment in appellant's entertainment show. Appellant failed to repay Najjar and Najjar assigned her interest in the contract to respondent. Respondent filed an action to recover the amount owed and the district court entered a judgment against appellant. This appeal followed.

Appellant asserts that he cannot be held personally liable because he was not a party to the contract as he signed it on behalf of Dream King, Inc. The contract, however, does not specifically provide that appellant signed it only on behalf of Dream King and instead references both appellant and Dream King. Carlini admitted in discovery that he personally received funds from Najjar. Thus, the district court did not err in concluding that appellant was personally liable under the contract. *See Redrock Valley Ranch, LLC v. Washoe Cnty.*, 127 Nev., Adv. Op. 38, 254 P.3d 641, 647-48 (2011) (explaining that this court will review "contract

15- 23137

issues de novo, looking to the language of the agreement and the surrounding circumstances").

Appellant further contends that respondent lacked standing to file the underlying action. The record on appeal demonstrates, however, that Najjar assigned her interest in the contract to respondent, and thus, we conclude that respondent had standing to file the action. *See Easton Bus. Opportunities, Inc. v. Town Exec. Suites-E. Marketplace, LLC*, 126 Nev. 119, 124, 230 P.3d 827, 830 (2010) (recognizing that a contract "is assignable unless assignment materially changes the terms of the contract or the contract expressly precludes assignment"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Gloria Sturman, District Judge
       Trent Carlini
       Bowen Law Offices
       Eighth District Court Clerk

---

[1]We conclude that appellant's additional arguments lack merit.